

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2008

# USA v. Rebovich

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2794

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Rebovich" (2008). *2008 Decisions.* Paper 148.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/148

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2651

UNITED STATES OF AMERICA

v.

EDWARD CHRISTILAW

Appellant

No. 07-2794

UNITED STATES OF AMERICA

v.

BEVERLY ANN REBOVICH,

Beverly Rebovich
Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 06-cr-00247-5 and 06-cr-00247-1)
District Judge: Honorable William J. Nealon

Submitted Under Third Circuit LAR 34.1(a)
December 3, 2008

OPINION

AMBRO, <u>Circuit Judge</u>

Edward Christilaw and Beverly Rebovich appeal their sentences stemming from a scheme to open fraudulent bank accounts. Both co-defendants were charged with one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371, and entered guilty pleas. The cases are consolidated for purposes of appeal, but each defendant had an independent sentencing hearing before the District Court for the Middle District of Pennsylvania. Both Christilaw and Rebovich appeal the District Court's rejection of a downward departure pursuant to the federal Sentencing Guidelines under § 3B1.2(b) for a "mitigating role" in the conspiracy. Rebovich also appeals her sentence for procedural unreasonableness. For the reasons below, we affirm the sentences.[1]

Because we write primarily for the parties, we need not recite the facts of this case in detail.

---

[*]Honorable Joseph H. Rodriguez, Senior United States District Judge for the District of New Jersey, sitting by designation

[1]The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction to review the sentences imposed pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## I. Rejection of a Downward Departure

In calculating Christilaw and Rebovich's sentences under the Sentencing Guidelines, the Court considered their prior criminal history, granted a downward departure for substantial assistance, and denied a two-level downward departure for minor participant status under § 3B1.2(b) of the Guidelines.[2] The Court discussed at length its reasons for finding that neither Christilaw nor Rebovich was a minor participant in the conspiracy. For Christilaw, the District Court imposed a 24-month sentence of imprisonment, among other conditions, which was the bottom of the Sentencing Guidelines range. For Rebovich, the Court imposed a 15-month sentence of imprisonment, among other conditions, which was also at the bottom of the Guidelines range. It reduced Rebovich's criminal history category from III to II, accepting her argument that the pre-sentencing report's recommendation over-represented her criminal record.

The Sentencing Guidelines are advisory, and no longer mandatory following the Supreme Court's decision in *United States v. Booker*. *See Gall v. United States*, 128 S.Ct. 586, 594 (2007) (citing *Booker*, 543 U.S. 220 (2005)). However, we continue to treat "discretionary denials of departure motions in calculating sentencing guidelines" the same as we did pre-*Booker*. *United States v. Jackson*, 467 F.3d 834 (3d Cir. 2006). "We do not have jurisdiction to review discretionary decisions by district courts to not depart

---

[2]This section provides that if the defendant was a "minimal participant" in the offense, his offense level should be dropped 4 levels, but if he was a "minor participant" it should be dropped 2 levels and "in cases falling between" 3 levels.

3

downward." *United States v. Vargas*, 477 F.3d 94, 103 (3d Cir. 2007); *see also United States v. Cooper*, 437 F.3d 324, 332–33 (3d Cir. 2006) (reaffirming post-*Booker* the validity of our pre-*Booker* decisions that no jurisdiction exists for appellate review of a district court's discretionary decision not to depart); *United States v. Casiano*, 113 F.3d 420, 429 (3d Cir. 1997) (explaining that, absent legal error, a district court's discretionary decision not to depart is "immune from appellate review"). Thus, to the extent Christilaw and Rebovich challenge the Court's discretionary decision not to depart under § 3B1.2(b), we will dismiss his appeal for lack of appellate jurisdiction.[3]

## II.    Consideration of § 3553(a) Sentencing Factors *re* Rebovich

Rebovich also argues that her sentence was unreasonable because the District Court failed to "adequately consider and apply the relevant provisions of 18 U.S.C. § 3553(a) and failed to adequately state its reasons for imposition of the sentence" under § 3553(c). (Rebovich acknowledges that she did not raise these arguments at sentencing and therefore we review only for plain error. *See United States v. Wood*, 486 F.3d 781, 789–90 & n.6 (3d Cir. 2007).) Specifically, she argues that the District Court failed to consider mitigating factors warranting a downward variance: she was a minor participant; she supervises her dependent 17-year old daughter; and her post-arrest rehabilitation as

---

[3]We note that the record reflects that the District Court understood it could have granted a departure, but elected not to do so because it explicitly discussed Christilaw and Rebovich's actions and did not believe either defendant warranted a "mitigating role" adjustment pursuant to § 3B1.2 (b). *Cf. Vargas,* 477 F.3d at 103 ("Jurisdiction [to review the denial of a departure] arises . . . if the district court's refusal to depart downward is based on the mistaken belief that it lacks discretion to do otherwise.").

4

shown by her compliance with probation. The sentencing record supports, however, that the District Court reasonably considered the § 3353(a) factors and explained the basis for its sentence.

In reviewing the District Court's judgment of sentence under the deferential abuse-of-discretion standard, "our role is two-fold. We must first ensure that the district court committed no significant procedural error in arriving at its decision." *United States v. Wise,* 515 F.3d 207, 217 (3d Cir. 2008). Examples of procedural errors include "'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *Id.* (quoting *Gall,* 128 S.Ct. at 597). "To be procedurally reasonable, a sentence must reflect a district court's meaningful consideration of the factors set forth at 18 U.S.C. § 3553(a)." *United States v. Lessner,* 498 F.3d 185, 203 (3d Cir. 2007). The court need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear [it] took the factors into account in sentencing." *Cooper*, 437 F.3d at 329 (internal citations omitted). Instead, a sentencing judge "'should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *Lessner,* 498 F.3d at 203 (quoting *Rita v. United States*, 127 S.Ct. 2456, 2468 (2007).

If we conclude that a court committed no procedural error, we then review the substantive reasonableness of the sentence. "As long as a sentence falls within the broad

range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *Wise*, 515 F.3d at 218 (citation omitted).

At sentencing, the District Court listened to both parties' arguments, recognized the Guidelines were advisory, and then stated its reasons for imposing a sentence at the bottom of the Guidelines range. The Court described in detail several § 3553(a) factors particularly relevant to Rebovich and noted that there was nothing in "§ 3553(a) that would require any further adjustment" from the Guidelines range. *See Rita*, 127 S.Ct. at 2468 (stating that when a judge "applies the Guidelines to a particular case, doing so will not necessarily require lengthy explanation").

As to Rebovich's specific mitigating arguments, the Court considered and found those circumstances insufficient to warrant a sentence lower than the Guidelines range. *See id.* at 2469. It discussed at length why it did not consider Rebovich a minor participant in the conspiracy. It also did not give any mitigating weight to her "post-arrest rehabilitation" in complying with probation, in part because of her past drug offenses that the Court noted "seems [] that she has never learned her lesson." And the Court was not persuaded by Rebovich's argument regarding supervision of her daughter because of the daughter's several truancy charges while under Rebovich's care.

## CONCLUSION

For the foregoing reasons, we affirm the District Court's sentences of Christilaw and Rebovich.

6